# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Karen M. Parsons | : | **Case No. 1:07CV916** |
| Plaintiff(s), | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| Michael J. Astrue | : | <u>**MEMORANDUM & ORDER**</u> |
| Defendant(s). | : | |

This is an action for judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") denying the application of the Plaintiff, Karen Parsons, for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423.  Pursuant to Local Rule 72.2(b), this matter was referred to Magistrate Judge James S. Gallas for preparation of a Report and Recommendation ("R&R").  In his R&R, the Magistrate Judge concluded that the Administrative Law Judge ("ALJ") did not properly evaluate Parsons' ability "to perform sedentary work on a regular and continuing basis." (Doc. 13 at 11.)  Accordingly, the Magistrate Judge recommended that the case be remanded to the ALJ for reconsideration.  The Commissioner objected to this ruling (Doc. 14 at 2) and Parsons did not file a response this objection. While this Court **ADOPTS** the Magistrate Judge's recommendation that this matter be remanded for further proceedings, it agrees with the Commissioner that certain of the Magistrate Judge's conclusions must be rejected.  For the limited reasons explained below, the Court **REMANDS** this case for further proceedings consistent with this opinion.

I.    **BACKGROUND**

The Court adopts the majority of the facts as articulated by the Magistrate Judge and will supplement these facts only when necessary.  Of particular relevance before the Court today is the ALJ's conclusion that Parsons was not credible when she complained of debilitating pain and stated that she was unable to perform sedentary work.  (*See* Tr. 15-16.)  Before determining that Parsons was not credible, the ALJ considered a number of medical and non-medical factors.  He noted that Parsons had a "very poor work record [prior to becoming disabled that]. . . reflects poorly on her motivation for gainful employment." (*Id*. 15.)  The ALJ also stated that he was troubled by record evidence demonstrating that Parsons has "some tendency to misrepresent and evade." (*Id*. at 15.)  The ALJ observed that Parsons both had misrepresented her educational background and lied to conceal her past alcohol and drug abuse.  (*See id*. at 15-16.)

Against this backdrop, the ALJ weighed "the objective medical evidence." (*Id*. at 16.)  He found Parsons' claims of debilitating pain inconsistent with that evidence because Parsons "has never been maintained on strong, narcotic analgesics, and treating notes at the Cleveland Clinic show that 'her pain is fairly well managed' without them." (Tr. 16.)  Finally, the ALJ considered Parsons' activities, noting that she testified to driving 3-4 times each week, shopping for food, cooking half of the meals for her family, cleaning the bathroom, vacuuming, and attending her daughter's sporting events. (*Id*.)  Based on this medical and non-medical evidence, the ALJ rejected Parsons' claims of debilitating pain.  (*Id*.)

The ALJ also stated that he made the determination that Parsons was capable of sedentary work (and was not credible when she claimed otherwise) "based on the requirements of . . . 96-7p." (*Id*. at 15.)  The ALJ did not, however, record his explicit consideration of the factors mandated by

96-7p.[1]  Of special relevance, the record does not show that the ALJ considered whether the side-effects of the medication Parsons was taking to manage her pain rendered Parsons incapable of sustained sedentary work "on a regular and continuing basis."  (Doc. 13 at 11.)

## II.    STANDARD OF REVIEW

In cases that are referred to a magistrate judge for preparation of an R&R, the Federal Magistrate Act requires that a district court conduct a de novo review only of those portions of an R&R to which the parties have made an objection.  28 U.S.C. § 636(b)(1)(C).  The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   *Id*.   A district court's review of a final administrative decision of the Commissioner made by an ALJ in a Social Security action, however, is not *de novo*.  Rather, a district court is limited to examining the entire administrative record to determine if the ALJ applied the correct legal standards in reaching his decision and if there is substantial evidence in the record to support his findings.  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

"Substantial evidence" is evidence that a reasonable mind would accept to support a

---

[1]96-7p directs an ALJ to consider:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

-3-

conclusion.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence.  *Id*.  To determine whether substantial evidence exists to support the ALJ's decision, a district court does "not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility."  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).  Further, a district court must not focus, or base its decision, on a single piece of evidence.  Instead, a court must consider the totality of the evidence in the record.  *See Allen v. Califano*, 613 F.2d 139 (6th Cir. 1980); *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

In fact, if there is conflicting evidence, a district court generally will defer to the ALJ's findings of fact.  The Sixth Circuit instructs that, "[t]he substantial evidence standard allows considerable latitude to administrative decision makers.  It presupposes that there is a zone of choice within which the decision maker can go either way without interference by the courts."  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  Accordingly, an ALJ's decision "cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Nevertheless, even if an ALJ's decision is supported by substantial evidence, that decision will not be upheld where the Commissioner "fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

-4-

## III.    DISCUSSION

### A.    The Consideration of Non-Medical Evidence to Determine Credibility

The ALJ denied Parsons benefits in part because the ALJ did not find her complaints of debilitating pain to be credible.  (Tr. at 15.)  As previously mentioned, the ALJ considered both medical and non-medical reasons in reaching this determination.  (*Id*. at 15-18.)  When the Magistrate Judge reviewed this conclusion, he wrote that "non-medical reasons have no place under 96-7p and 20 C.F.R. §404.1545(e)."  (Doc. 13 at 8.)  The Commissioner objected, asserting that this statement "is wrong as a matter of law."  (Doc. 14 at 3.)  The Commissioner's objection is well-taken.  In relevant part, 96-7p states:

> Assessment of the credibility of an individual's statements about pain or other symptoms and about the effect the symptoms have on his or her ability to function must be based on a consideration of all of the evidence in the case record. . . . Consideration of the individual's statements and the statements and reports of medical sources . . . along with any other relevant information in the case record . . . will provide the adjudicator with an overview of the individual's subjective complaints.

96-7p (emphasis added).  20 C.F.R. § 404.1529(c) is similar.  It notes:

> In evaluating the intensity and persistence of your symptoms, we consider all of the available evidence, including your history, the signs and laboratory findings, and statements from you, your treating or nontreating source, or other persons about how your symptoms affect you.

20 C.F.R. § 404.1529(c) (emphasis added).

The plain language of 96-7p and 20 C.F.R. § 404.1529(c) reveals that an ALJ "must" consider "all of the evidence," whether medical or non-medical.  *See also Rogers v. Astrue*, No. 07-315-OP, 2008 U.S. Dist. LEXIS 63385, *12 (C.D. Cal. July 22, 2008) (considering inconsistent statements made by petitioner as part of the credibility analysis); *Casey v. Astrue*, 07-CV-535, 2008 U.S. Dist. LEXIS 28701, at *26 (W.D. Wis. Apr. 7, 2008). ("[T]he administrative law judge is to

-5-

consider . . . non-medical sources."); *Todd v. Apfel*, 8 F. Supp. 2d 747, 751 (W.D. Tenn. 1998) ("[W]hen assessing credibility the fact finder should consider . . . medical evidence and statements from other non-medical sources.").  The Magistrate Judge was incorrect to state otherwise.

This conclusion is not much of a victory for the Commissioner, however, because it is clear from the R&R that the Magistrate Judge did not recommend remand based upon this erroneous statement.  This defect in the analysis in the R&R, accordingly, does not lead the Court to reject the Magistrate Judge's ultimate conclusion.

**B.      The ALJ's Failure to Consider Side-Effects of Parsons' Medication**

It is undisputed that the ALJ did not discuss the side effects of Parsons' medication.  (Doc. 14 at 2.)  It is also clear that 96-7p *requires* an ALJ to consider the "type, dosage, effectiveness, and side-effects of medication to alleviate pain."  96-7p (emphasis added).  The Magistrate Judge recommended remand for specifically this reason, finding that the ALJ failed to comply with 96-7p because there is no record of the ALJ actually considering this factor.  (Doc. 13 at 10.)  The R&R noted that the medications taken by Parsons, particularly Neurontin and Elavil, have particularly well-documented and severe side-effects that might have altered the ALJ's conclusions.  (*Id*. at n.5.)

The Commissioner objects to this conclusion, citing caselaw for the proposition that the ALJ need not "write about each and every factor."  (Doc 14 at 2.)[2]  As an initial matter, the Commissioner

---

[2]The Commissioner also complains that the Magistrate Judge was incorrect to state that the ALJ implied that Parsons' pain could be controlled without medication.  (Doc. 14 at 4.)  The Court agrees that the ALJ acknowledged the need for medication.  (*See* Tr. 18.)  What is relevant, however, is that the ALJ did not discuss the implication of this medication on Parsons' ability to perform the sedentary jobs that the Commissioner contends she can perform.  (*See* Doc. 13 at 11.)

Similarly, while the Commissioner devotes a portion of his brief to the contention that the ALJ's determination was supported by substantial evidence (*See* Doc. 14 at 4-5), this sidesteps the core issue of whether the ALJ complied with the requirements of 96-7p.  It is well-established that a decision will be remanded when the ALJ "fails to follow its own regulations."  *Bowen*, 478

stretches the holding of his primary case.  (*Id.* (citing *Steed v. Astrue*, 524 F.3d 872 (8th Cir. 2008).)
The *Steed* Court does not hold that an ALJ does not need to write about "each and every factor."
Instead, *Steed* stated that an ALJ need not discuss each factor "<u>methodically</u> so long as he
<u>acknowledged and examined</u>" it.  *Steed*, 524 F.3d at 876 (emphasis added).  In the instant case, the
issue is not a failure to engage in methodical discussion, but a failure to acknowledge a factor at all.
(Doc. 13 at 10.)

Other caselaw cited by the Commissioner is equally unavailing.  It is true that the Sixth
Circuit has noted that "[a]n ALJ need not discuss every piece of evidence in the record for his
decision to stand."  *Thacker v. Comm'r of Soc. Sec.*, 99 Fed. Appx. 661, 665 (6th Cir. 2004).  As is
often the case, however, context is everything.  The court in *Thacker* was considering the obligation
of an ALJ to consider the observations made by social security employees in interviews and phone
conversations with a petitioner.  The *Thacker* Court noted only that the ALJ did not need to
document each and every contact between a petitioner and the Social Security Administration.  *See
id.*  It seems quite natural that an ALJ would document only the relevant conversations in his
opinion.  Critically, however, this implies that the ALJ has considered all of the various observations
in order to determine those relevant enough for inclusion.  *Thacker* is not applicable in a case, such
as the one before this Court, where there is no indication that the ALJ considered a particular piece
of evidence.  Indeed, it is not even clear the degree to which *Thacker* can be properly extended
beyond its facts.[3]

---

F.3d at 746.

[3]The Commissioner also quotes language from *Bowman v. Chater*, No. 96-3990, 1997
U.S. App. LEXIS 34130, *11-12 (6th Cir. Nov. 26, 1997).  In *Bowman*, however, the ALJ
considered "most, if not all" of the factors in 96-7p and the "ALJ's credibility determinations
[were] clearly set out and repeatedly explained."  *Id*. at 10-12.  *Bowman* contains no implication

The Commissioner also offers *Loral Defense Systems-Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999) in support of its proposition that the ALJ below did not need to specifically discuss the side-effects of Parsons' medication.  This Court agrees that *Loral* is highly instructive, although not in the way that the Commissioner suggests.  The Commissioner believes that *Loral* stands for the proposition that "an ALJ can consider all the evidence without directly addressing all the evidence and testimony in his written decision."  (Doc. 14 at 3.)  *Loral* simply is not this sweeping.  Rather, the *Loral* Court stated that "[a]n ALJ may resolve credibility disputes implicitly rather than explicitly where his 'treatment of the evidence is <u>supported by the record as a whole</u>.'"  *Loral*, 200 F.3d at 453 (emphasis added).  To be clear, then, *Loral* indicates that an ALJ need not explicitly discuss a factor so long as "the record as a whole" indicates that he considered it.  *Loral* does not hold that a reviewing court should either condone a failure to consider a factor or simply assume that an ALJ undertook such a consideration in the absence of any record support for that assumption.

In sum, the various cases cited by the Commissioner holding that an ALJ need not write about every factor an ALJ is required to consider are limited to those situations where a reviewing court can determine that the ALJ actually considered a given factor.  While the Court agrees that our review must be of the ALJ decision as a whole and not of any particular set of words or incantations of regulatory factors, the decision we are reviewing must permit the conclusion that it encompassed a fair consideration of those factors.  An ALJ takes a serious risk when he assumes that a court will be able to make this determination absent language to which it can point – it is far better  practice for an ALJ to explicitly list those factors that he considers.  In the instant case, there is simply no

---

that the ALJ failed to discuss any factor that might be dispositive and actually suggests that the ALJ in that case may have considered <u>all</u> of the factors under 96-7p., or certainly all relevant factors.  *Id*. at 10.

evidence indicating that the ALJ considered the side-effects of the medication.  Under such circumstances, the Court wholly agrees with the Magistrate Judge's determination that remand is warranted.

This Court also distinguishes *Thacker*, *Bowman*, and *Loral* because the factor concerning the side-effect of medication is particularly critical when the petitioner is using a medication or medications with strong known side-effects.  While it may be easy to understand why an ALJ might not write about every interaction between a petitioner and the social security agency, the failure to discuss the side-effects of medication is quite different.[4]  In some situations, this later defect can be nearly as severe an omission as the failure to discuss the original symptoms themselves.  Indeed, it is difficult to conceive of a situation where a petitioner will be taking a medication with strong known side-effects and it would be acceptable for an ALJ not to specifically analyze these side-effects.

An ALJ should provide written documentation regarding any individual factor that might be dispositive in a particular case.  When an ALJ fails to do this, a reviewing court will usually remand for further proceedings.  That is the result today.

---

[4]While this Court does not suggest that an ALJ need detail the side-effects of all medications – *e.g.*,Tylenol -- for his decision to stand, it is a much better practice for an ALJ to provide written documentation of each factor required by the rules where there is no doubt those factors are highly relevant to the matter at hand.  Doing so insulates the ALJ from the precise situation before the Court today.

**IV.      CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the R&R as modified by this decision and

**REMANDS** this case for further proceedings consistent with this opinion.


**IT IS SO ORDERED.**

<u>s/Kathleen M. O'Malley</u>
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**


**Dated: September 30, 2008**